IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**PAMELA V. WEST,**

    **Plaintiff,**

**v.**                                                     **Civil Action No. 2:15-cv-06584**

**CITY OF CHARLESTON,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Dismiss (ECF No. 4) and Defendant's Memorandum of Law in Support of its Motion to Dismiss (ECF No. 5). This matter was assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by Standing Order was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. Sec. 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the Defendant's Motion to Dismiss (ECF No. 4) be **DENIED.**

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 22, 2015, Plaintiff Pamela V. West (hereinafter "Plaintiff"), acting pro se, filed a Complaint against the Defendant (ECF No. 1). The Plaintiff alleges in her Complaint discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff additionally asserts claims of harassment, retaliation and sexual discrimination (ECF No. 1).

On July 29, 2015, Defendant, by counsel, filed a Motion to Dismiss (ECF No. 4) and a Memorandum of Law in Support of its Motion to Dismiss (ECF No. 5). The Defendant's motion

asserts that Plaintiff's complaint should be dismissed because service of process was insufficient. Defendant asserts that "in an effort to effect service in this matter, the Summons and Complaint were mailed via certified mail to Paul Ellis, the city attorney for the City of Charleston. Mr. Ellis is not the chief executive officer, mayor, city manager, recorder, clerk, treasurer, or a member of the City of Charleston's council or of its board of commissioners. Furthermore, Mr. Ellis is not authorized to accept service on behalf of Defendant." The Defendant further asserts that "this attempt at service fails to meet the requirements of Rule 4 of the Federal Rules of Civil Procedure and the West Virginia Rules of Civil Procedure. Thus, the attempted service is insufficient and the Complaint against the City of Charleston should be dismissed."

On August 3, 2015, the Summons was reissued by the Clerk on behalf of Pamela V. West (ECF. No. 6). On the same date, Plaintiff filed Plaintiffs' [sic] Response to Defendants' Motion to Dismiss Plaintiffs' [sic] Original Complaint (ECF No. 7). Attached to Plaintiff's Response was a Proof of Service attesting that the Mayor, Danny Jones, was personally served the summons on August 3, 2015.[1]

On August 24, 2015, the Defendant, by its counsel, filed an Answer on Behalf of the City of Charleston (ECF No. 8).

## DISCUSSION

The Defendant argues that the Plaintiff's Complaint should be dismissed because service of process was insufficient. When sufficiency of service is raised as a defense under Rule of Civil Procedure 12(b)(5), the plaintiff has the burden of establishing that service has been effectuated in conformity with Fed. R. Civ. Pro. 4. *Moats v. Monongalia County*, 2014 WL 131062 (N. D. West Virginia 2014). Rule 4(j)(2) of the Federal Rules of Civil Procedure instructs a plaintiff suing a

---

[1] The Proof of Service was not filed with the Clerk.

city that he "must" either serve a copy of the summons and the complaint on its chief executive officer or in the manner prescribed by state law for serving process on such a defendant. Fed. R. Civ. P. 4(j)(2)(A),(B). *Evans v. Griffin*, 2015 WL 5577486 (M. D. North Carolina 2015). Federal Rule of Civil Procedure 4(j)(2) states how a party must serve a Summons and Complaint upon a state, a municipal corporation, or any other state-created governmental organization as follows:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and the complaint to its chief executive officer;
>
> or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Plaintiff attempted to serve Defendant by having the Summons and Complaint mailed via certified mail addressed to the "City of Charleston." The city attorney for the City of Charleston, Paul Ellis, received or signed the return receipt. Mr. Ellis was not the proper person or authorized to accept service on behalf of the Defendant. This was not a sufficient method of serving the City under the Federal Rules of Civil Procedure or the West Virginia Rules of Civil Procedure.[2] Subsequently, Plaintiff had the Summons reissued by the Clerk and personally served on the Mayor of Charleston, Danny Jones. Twenty-one days after such service, the Defendant filed its Answer to Complaint (ECF No. 8). Based on the above, it is evident to the undersigned that Plaintiff complied with the Federal Rules of Civil Procedure and the West Virginia Rules of Civil Procedure by serving the Mayor of the City of Charleston.

---

[2] W.Va.R.Civ.P. 4(d)(6)(A)

**RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the Motion to Dismiss Filed on Defendant, City of Charleston (ECF No. 4).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff, and to transmit a copy to counsel of record.

November 12, 2015

Dwane L. Tinsley
United States Magistrate Judge